FILED
HELENA DIVISION

2006 FEB 1 AM 10 15

PATRICK E. DUFFY, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

\*\*\*\*\*\*\*

| | |
|---|---|
| MONTANA ENVIRONMENTAL INFORMATION CENTER, Inc. and EARTHWORKS/MINERAL POLICY CENTER, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> CANYON RESOURCES CORP., and C.R. KENDALL CORP., <br><br> Defendants. | CV 04-12-H-CCL <br><br><br><br><br><br> ORDER |

\*\*\*\*\*\*\*

Before the Court in this Clean Water Act ("CWA") case is a voluntary dismissal motion filed by Plaintiffs. Plaintiffs explain that they believe that progress on water quality issues at the Kendall Mine is now being made through a new state government administration and a new Director of the Department of Environmental Quality. Plaintiffs also note that Defendant Canyon Resources Corporation, having lost $17 million in 2004 and another $2.3 million in the first quarter of 2005, may be unable

to pay any civil penalty to deter it from violating water quality standards and regulations at the Kendall Mine (and that the case may therefore fail in its ultimate purpose).

Defendants agree generally that the case should be dismissed by the Court, but Defendants object to a dismissal "without prejudice," as is requested by Plaintiffs. Defendants request that their attorneys' fees and costs of litigation be granted to them as prevailing parties under the CWA, see 33 U.S.C. § 1365(d), or, in the alternative, Defendants request that this Court *prospectively* order Plaintiffs to pay Defendants' costs of this suit in the event that Plaintiffs refile the same complaint at some point in the future, see Rule 41(d), Fed. R. Civ. P.

It is clear, at this early stage, that neither party has prevailed in this suit. Given the years of effort that Plaintiffs have devoted to trying to stop the alleged pollution at the Kendall Mine, see Pl.s' Reply (Docket #33), Bonnie Gestring Declaration, and given the Montana Department of Environmental Quality's recognition of the fact that pollution does exist at the mine, see Pl.s' Reply (Docket #33), Attachment 1 "Preliminary Draft EIS CR Kendall Mind Reclamation, April

2

2005," it is also clear that this suit was neither frivolous, unreasonable, or without foundation. In addition, the Defendants have not expressly alleged that the suit was frivolous, unreasonable, or without foundation, although the Defendants have alleged that the suit was brought to influence the November 2, 2003, election and the ballot initiative I-147. Indeed, there is some support for this contention of political motivation in the circumstances surrounding initiation of this case. However, whether that is so or not, this Court has also already found that Plaintiffs' claims were substantial enough to survive Defendants' motion to dismiss. *See* October 19, 2004, Order (Docket #22), 2004, p. 8-9 ("After reviewing the Complaint and the arguments of the parties, the Court is satisfied that Plaintiffs' allegations are sufficient to put Canyon Resources to its proof."). I find there is no evidence that Plaintiffs' claims are not genuine regardless of their motives in filing.

    That being the case, Defendants are not entitled to attorneys fees or costs. *See Razore v. Tulalip Tribes of Washington*, 66 F.3d 236, 240 (9th Cir. 1995) (award of defendant's attorney fees under the CWA requires a showing that

(1) defendant prevailed, and (2) defendant establishes that "plaintiff's action was frivolous, unreasonable, or without foundation") (*quoting Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). Defendants have not met either prong of the test set forth in *Razore*.

Rule 41(d) of the Federal Rules of Civil Procedure provides as follows:

> (d) **Costs of Previously-Dismissed Action.** If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

This rule does not provide for present determination of future imposition of costs before the filing of the second action. Granting the request would deprive this, or some other court, of the ability to review the facts related to the second case before determining whether an imposition of costs for the first case was appropriate. This Court therefore declines to grant Defendants' alternative request.

Accordingly,

CV 04-12-H-CCL
February 1, 2006
Page Five

    IT IS HEREBY ORDERED that Plaintiffs' Motion to Dismiss pursuant to Rule 41(a)(2), Fed.R.Civ.P., is GRANTED.

    IT IS FURTHER ORDERED that Plaintiffs' First Amended Complaint is DISMISSED without prejudice, each party to pay its own costs and attorney fees.

    The Clerk is directed forthwith to notify counsel of the entry of this order.

    Done and dated this 1st of February, 2006.

                                               CHARLES C. LOVELL
                                         Senior United States District Judge